UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

NIGEL NAGUAN FREDERICKS,

       Plaintiff,

 -against-

NINAMARIE FOLLACARO,

       Defendant.

------------------------------------- x

MEMORANDUM DECISION AND ORDER

21 Civ. 553 (GBD)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Nigel Naguan Fredericks brings this action against Defendant Ninamarie Follacaro pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs while he was a pre-trial detainee on Riker's Island. (*See generally*, Second Amended Complaint ("SAC"), ECF No. 17.) Defendant moves to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies before filing suit and, in any event, has failed to state a claim upon which relief can be granted. (Def.'s Mot. to Dismiss, ECF No. 27.)

Before this Court is Magistrate Judge James L. Cott's December 7, 2022 Report and Recommendation (the "Report"), recommending that Defendant's motion be granted and this action be dismissed. (*See generally*, Report, ECF No. 40.) Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 17.) Neither party lodged objections to the Report and the time to do so has now passed.

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full. Accordingly, Defendant's motion is GRANTED and this action is dismissed.

1

## I. FACTUAL BACKGROUND

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it. On August 1, 2019, Plaintiff was incarcerated at the Anna M. Kross Center, a New York City Department of Correction facility on Riker's Island ("Riker's"). (Report at 2.) A few days after arriving at Riker's, Plaintiff sought dental treatment for a tooth he claims was "impact[ed]" and "getting rotten." (*Id.*) Plaintiff alleges that he was first seen by a dental professional over one year later, on January 5, 2021. (*Id.*) At that appointment, Defendant, a dental hygienist employed by the Correctional Health Services Division of the New York City Health and Hospitals Corporation, told Plaintiff his appointment was for a cleaning, not an extraction, and advised him to make a separate appointment to have his tooth extracted. (*Id.*) Even though Plaintiff thought Defendant's suggestion was "backwards," he agreed because he thought Defendant would "know better." (*Id.*) Notwithstanding, Plaintiff filed the instant suit just one week later, alleging that the care he was provided by Defendant amounted to deliberate indifference of his medical needs. (*Id.* at 3.) He seeks damages for his pain and suffering in an amount "no less than $97,000." (*Id.*)

## II. LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). While a court must review *de novo* the portions of a magistrate judge's report to which a party properly objects, *id.*, portions of the report to which no or "merely perfunctory" objections are made are reviewed only for clear error, *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the

2

definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation omitted).

### III. THE REPORT IS ADOPTED

Defendant moves to dismiss Plaintiff's complaint on two grounds: (1) failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"); and (2) failure to state a claim for deliberate indifference. Plaintiff did not respond to Defendant's motion.

#### A. Exhaustion

Under the Prison Litigation Reform Act, 110 Stat. 1321–73, as amended, 42 U.S.C. § 1997(e)(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Accordingly, the prisoner "must pursue his challenge to the conditions in question through the highest level of administrative review prior to filing his suit." *Flanagan v. Maly*, No. 99 Civ. 12336, 2002 WL 122921, at *2 (S.D.N.Y. Jan. 29, 2002).

While Plaintiff's compliance with the applicable grievance procedures is ambiguous from the face of the SAC,[1] Magistrate Judge Cott correctly notes that the timing of Plaintiff's initial complaint shows that he could not have completed any such process by the time he filed this action. The Inmate Grievance Resolution Committee, in effect at the time of Plaintiff's incarceration, lays out a four-step grievance process. *Tyler v. Argo*, No. 14 Civ. 2049, 2014 WL 5374248, at *4 (S.D.N.Y. Oct. 10, 2014). Given that the first step alone provides for a processing time of five

---

[1] Since prisoners are not required to plead compliance with prison grievance procedures in their complaints, courts in this Circuit have denied motions to dismiss based on exhaustion where ambiguity exists as to whether a plaintiff exhausted his administrative remedies. *See e.g., Rodriguez v. Warden, Metro. Corr. Facility*, No. 13 Civ. 3643, 2015 WL 857817, at *3 (S.D.N.Y. Feb. 27, 2015). Here, Plaintiff's complaint is silent on the efforts he made, if any, to comply with such procedures.

business days, *see Perez v. City of New York*, No. 14 Civ. 07502, 2015 WL 3652511, at *3 (S.D.N.Y. June 11, 2015), it is axiomatic that Plaintiff could not have proceeded through all four steps of the procedures and appeals process in the mere seven days between the filing of his initial complaint and the events in question. (*See* ECF No. 2, at 6 (signed attestation of complaint's filing on January 12, 2021.) Accordingly, this action must be dismissed for failure to exhaust.

## B.     Failure to State a Claim

Magistrate Judge Cott also correctly found that Plaintiff failed to state an Eighth Amendment deliberate indifference to medical needs claim. To establish such a claim, a pretrial detainee must establish two elements: first, that the deprivation of medical care was sufficiently serious," and second, that the defendant acted or failed to act with "a sufficiently culpable state of mind." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff's allegations, in sum, are that, between August 2019 and January 2021, he "made several appoint[ments] to be seen for ... [dental treatment]," that he was finally seen by Defendant on January 5, 2021 for a cleaning, and that x-rays taken on that day revealed that he had an "impact[ed] tooth" that was "getting rotten." (Report at 2.) According to the SAC, Plaintiff asked Defendant to treat the infected tooth that day, and in doing so, Plaintiff described it as a "slight minor" situation. (*Id.*) Defendant told Plaintiff that he would need to make a separate appointment for an extraction, a suggestion to which Plaintiff admits he agreed. (*Id.*)

This Court, having reviewed the sufficiency of these allegations, concurs with Judge Cott's determination that Plaintiff's complaints do not rise to the level of a serious medical condition. Although Plaintiff complains that he has lived "with discomfort of mental and physical uneasiness" and the "pain of being prescribed daily with ... Ibuprofen," he has not supported his claims with

4

any factual allegations setting forth the intensity or duration of this pain or discomfort. To the contrary, as noted by Magistrate Judge Cott, (Report at 13), Plaintiff does not allege that he complained of any pain or discomfort to Defendant. In fact, in speaking with Defendant on that day, Plaintiff described his impacted tooth as a "slight minor" situation, and even agreed with her suggestion that he come back for an extraction, belying any sense of urgency.

This Court also agrees with Magistrate Judge Cott that Plaintiff failed to adequately plead that Defendant had a subjectively culpable state of mind. Plaintiff has not alleged that Defendant knew or had reason to know that he was experiencing pain or discomfort, or that Defendant, a dental hygienist, was even qualified to perform an extraction. Plaintiff has therefore not alleged facts sufficient to sustain a claim for deliberate indifference to his medical needs.

## IV.   CONCLUSION

Magistrate Judge Cott's Report is ADOPTED in full. Defendant's motion to dismiss, (ECF No. 27), is GRANTED.[2] The Clerk of Court is directed to close the motion and to close this action accordingly.

Dated: January 12, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] This Court agrees with Magistrate Judge Cott's recommendation that dismissal should be with prejudice, as Plaintiff has already had multiple opportunities to correct his pleading deficiencies and the time for Plaintiff to exhaust his administrative remedies has long since passed. (Report at 15–17.)